### BALASQUIDE *v.* FOOTE, JUEZ DE DISTRITO

SOLICITUD para que se expida mandamiento de *Certiorari.*

No. 84.—Resuelto en diciembre 13, 1911.

CERTIORARI—APROBACIÓN DE LA EXPOSICIÓN DEL CASO—JURISDICCIÓN.—Examinado este caso el tribunal resolvió que tenía jurisdicción para conocer de él y que no eran aplicables al mismo los preceptos del artículo 64 del reglamento del Tribunal Supremo.

ID.—APROBACIÓN DE LA EXPOSICIÓN DEL CASO—DISCRECIÓN DEL JUEZ—TÉRMINO PARA PROPONER ENMIENDAS.—Habiendo expirado el término para proponer enmiendas a una exposición del caso, no es prorrogable dicho término, pero el juez sentenciador, en el ejercicio de su facultad discrecional puede oir a las partes interesadas después de vencido dicho término, con objeto de cerciorarse de la veracidad de los hechos expuestos en la exposición del caso.

Los hechos están expresados en la opinión.

Abogados del peticionario: Sres. *José Guzmán Benítez y Juan Guzmán Benítez.*

Abogados de la parte opositora: Sres. *Herminio Díaz Navarro y Cayetano Coll y Cuchí.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Esta es una solicitud para que se expida un mandamiento

de *certiorari.* El peticionario alega que es el demandado en un pleito en que Enrique Camacho es demandante y Antonio Balasquide demandado, pendiente en la sección segunda de la corte de distrito de San Juan, y que después de haber interpuesto recurso de apelación y de haber solicitado un nuevo juicio, su abogado preparó una exposición del caso y un pliego de excepciones para el nuevo juicio y los presentó para su aprobación al juez sentenciador, el que cesó en su cargo después de visto este caso; que la parte contraria no presentó enmiendas a la exposición del caso ni al pliego de excepciones dentro del término señalado por la ley, y a pesar de eso el juez de distrito, Hon. Charles E. Foote, sin haber concedido prórroga para presentar enmiendas, dictó en dicho pleito la siguiente orden:

"Vista la moción del demandado, solicitando la aprobación de la exposición del caso y pliego de excepciones para ser usado en la moción de nuevo juicio presentada sin intervención de la parte contraria por no haber presentado enmiendas dentro del término concedido para ello, se deniega lo solicitado, fundado en que no se ha justificado por declaración jurada que se haya entregado copia del proyecto de exposición del caso y pliego de excepciones a la parte contraria. Además, es el deber del juez, aun cuando no hayan sido presentadas enmiendas, estudiar el proyecto y de corregirlo, de modo que esté exacto y conforme con los hechos y la prueba.

"Opinamos que el término de 10 días para proponer enmiendas, no es un término fatal, y el juez puede admitir enmiendas después de vencido el citado término.

"Se concede al demandante un término hasta el día 27 del corriente mes para proponer enmiendas a dicha exposición del caso y pliego de excepciones, vencido cuyo término será señalado día para su aprobación; debiendo el secretario de la corte notificar a las partes de esta resolución."

En la solicitud presentada por el abogado de Balasquide alega éste varios fundamentos para demostrar que dicha orden es ilegal, y suplica al tribunal que ordene que dicha exposición del caso y pliego de excepciones y demás documentos relacionados con ambos, se eleven a este tribunal para su re-

visión, y se ordene a dicho juez de distrito que dentro de un término razonable y sin la intervención del abogado del demandante en el citado pleito, apruebe el pliego de excepciones y exposición del caso después de eliminada toda materia superflua.

Se expidió un mandamiento dirigido al demandado para que éste alegara los motivos que hubiera por los cuales no debía concederse lo solicitado en la petición de *certiorari,* y el citado demandado compareció y presentó una contestación en la cual impugnó la jurisdicción de este tribunal para expedir un auto de *certiorari* en este caso concreto, exponiendo además, que en este caso ha procedido en absoluto de acuerdo con las disposiciones legales vigentes, consignando el fundamento de su contestación.

En cuanto a la jurisdicción sostenemos que este tribunal tiene facultades para expedir el mandamiento de *certiorari* ''en todos aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, y con objeto de terminar los procedimientos cuando el tribunal inferior rehusare hacerlo fundado en bases erróneas.'' Leyes de 1904, p. 123. El artículo 64 del reglamento de este tribunal no tiene aplicación a este caso. De acuerdo con los hechos alegados en la solicitud de *certiorari,* el caso presente es uno de aquellos en que este tribunal puede actuar para conceder la súplica de la solicitud si los hechos lo justificasen. Por lo tanto la impugnación a la jurisdicción debe ser desestimada.

De los autos consta que en 1°. de noviembre último, cuando el demandado, Hon. Charles E. Foote, cesó como juez de distrito, ya estaba pendiente ante dicha corte el recurso de apelación interpuesto contra la sentencia definitiva dictada en el caso de *Camacho* v. *Balasquide,* y también estaba pendiente una moción de nuevo juicio presentada en el mismo caso, y uno o dos días antes de dicha fecha el demandado en aquel caso presentó al juez de distrito una exposición del caso y un pliego de excepciones en apoyo de la moción de nuevo jui-

cio, y otra exposición del caso y pliego de excepciones para los efectos de la apelación contra la sentencia definitiva. Ambos documentos son muy voluminosos y vienen acompañados de varios *affidavits* y otros documentos. Se concedieron varias prórrogas que alcanzan a unos sesenta días, y por último el juez de oficio prorrogó esta instancia por diez días más para que el abogado del apelante pudiera preparar enmiendas al pliego de excepciones y la exposición del caso dentro de dicho término, con el fin de que la corte pudiera recibir la ayuda y cooperación de los abogados de ambas partes para preparar una exposición del caso y un pliego de excepciones definitivos.

El demandado sostiene que al dictar el juez la orden impugnada y al adoptar el procedimiento que siguió actuó dentro de sus facultades y con arreglo a su discreción, pues no le era posible aprobar el pliego de excepciones o la exposición del caso sin antes examinarlos detenidamente, sobre todo teniendo en cuenta que había observado varios errores en la exposición que se le había presentado, que era necesario corregir.

Tal vez no sea susceptible de prórroga el término de diez días que tiene el abogado de la parte contraria para proponer enmiendas a la exposición del caso, sobre todo después de haber expirado su término. Pero en vista del concepto que hemos formado de este caso, para nada influye eso en esta resolución. El juez sentenciador es responsable de la veracidad de la relación de los hechos desarrollados ante él y en tales circunstancias la corte tiene la facultad discrecional de oir a las partes interesadas con objeto de cerciorarse de la veracidad de los hechos expuestos en la exposición del caso. La orden adoptada por la corte, aunque de su contenido no se desprenda, es una indicación al demandado de que el juez quería oirle y por tanto correspondía a las facultades del juez el dictarla. El fin de la ley es que se redacte una exposición exacta y que la corte no apruebe ninguna otra.

Por las razones consignadas en esta opinión este tribunal

debe desestimar la solicitud de *certiorari* y dejar al demandado en el ejercicio de su discreción para que pueda continuar el procedimiento para la aprobación del pliego de excepciones y la exposición del caso en la forma iniciada, y que los apruebe una vez que contengan los hechos y cuestiones legales planteadas en la resolución del caso.

*Desestimada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.